**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4761-17T2

MR. Y. PARK AND LYDIA
PARK, d/b/a PARK CLEAN
MACHINE INC. and Z-ZONE
OUTLET INC.,

      Plaintiffs-Appellants,

v.

LINDENWOLD CENTER, LLC,

      Defendant-Respondent.

_____

Argued April 1, 2019 – Decided July 8, 2019

Before Judges Sumners and Mitterhoff.

On appeal from the Superior Court of New Jersey, Law Division, Camden County, Docket No. L-0156-16.

Jo-Leo W. Carney-Waterton argued the cause for appellants.

Adam Nachman, argued the cause for respondent (Sirlin Lesser & Benson, PC, attorneys; Adam Nachmani, of counsel and on the brief).

PER CURIAM

This breach of contract action returns to us following our dismissal without prejudice allowing plaintiffs Yong and Lydia Park to review Judge Francisco Dominguez's oral decision pertaining to its April 28, 2017 order denying reconsideration of its March 17, 2017 order granting defendant Lindenwold Center, LLC's Rule 4:23-5(a)(2) motion to dismiss plaintiffs' complaint with prejudice for failure to provide responsive discovery. Having reviewed the judge's decision, plaintiffs renewed their appeal of the April 28 order. We affirm substantially for the reasons set forth in Judge Dominguez's thorough oral opinion.

I

We glean the following facts from the record. In 1999, plaintiffs entered into two leases with defendant for commercial storefronts located on Blackwood-Clementon Road in Lindenwold. Almost six years later, defendant granted a temporary easement on the outer edge of its premises to Camden County ("County") for storage of construction equipment to be used during road re-construction along Blackwood-Clementon Road. The three-year project started outside defendant's premises on March 10, 2008.

In 2016, five years after the project was completed, plaintiffs sued defendant alleging breach of contract, fraud, and tortious interference of

business expectations. During the ensuing discovery period, plaintiffs failed to respond to defendant's interrogatories and document request. Consequently, on October 19, Judge Thomas J. Shusted, Jr., granted defendant's opposed Rule 4:23-5(a)(1) motion to dismiss without prejudice for failure to provide discovery.

Thirty-two days later, plaintiffs had not provided sufficient responses to defendant's discovery requests, resulting in defendant's motion to dismiss the complaint with prejudice under Rule 4:23-5(a)(2), returnable January 20, 2017. On January 1, plaintiffs filed a motion to vacate the October 19, 2016 order, in accordance with Rule 4:23-5(a)(1) and -5(a)(2). At the February 3 motion argument, plaintiffs' counsel explained that the delays in discovery were due to Yong's[1] illness in July 2016, and they were working on their discovery responses.

Having considered the parties' arguments, Judge Dominguez[2] rejected plaintiffs' explanation because seven months had passed since Yong's illness and plaintiffs' counsel admitted that the requested outstanding documents were still

---

[1] We use his first name because plaintiffs share the same last name; we intend no disrespect.

[2] Due to Judge Shusted's assignment to the Criminal Part, the matter was assigned to Judge Dominguez.

A-4761-17T2

in plaintiffs' possession. Nonetheless, recognizing the remedial purpose of Rule 4:23-5, the judge gave plaintiffs a forty-two day extension to provide responsive discovery.

On March 15, 2017, plaintiffs served purported responsive discovery responses on defendant. After reviewing them, however, the judge recited in his oral decision that the responses: (1) were not certified; (2) failed to disclose information related to damages and included irrelevant tax returns from individuals who were not parties to the action; and, (3) regarding photographs or documents related to the alleged taking, stated "defendants received these items in a prior lawsuit . . . multiple years ago." Accordingly, the judge dismissed plaintiffs' complaint with prejudice in a March 17 order.

On April 10, plaintiffs filed a motion for reconsideration, seeking reinstatement under Rule 4:50-1, supported by their counsel's certification. Counsel asserted that: on March 5, 2017, he delivered "fully responsive answers to the discovery" requested by defendant; he "supplemented and updated those answers as required by the [c]ourt [r]ules"; and "plaintiff[s are] not delinquent with any requested discovery."

On April 27, 2017, Judge Dominguez denied plaintiffs' motion. In his oral decision that day, the judge reviewed the basis for the March 17 order, noting

4

that plaintiffs never provided any discovery until March 15,[3] and that plaintiffs' remaining deficiencies were still unresolved. The judge further stated, "five months after the dismissal without prejudice, 42 days after the initial return date of the dismissal with prejudice, and nearly three weeks after the discovery period expired, the only discovery in defendant's possession were uncertified answers and a few pages of tax returns."

On May 25, plaintiffs filed their first notice of appeal. Almost a year later at oral argument before us on April 23, 2018, plaintiffs contended the judge failed to follow Rule 1:7-4(a), because he did not provide a statement of reasons for denying their motion for reconsideration. We indicated that the trial court's CourtSmart system revealed that Judge Dominguez did, in fact, render an oral decision. However, because neither party was aware of the decision, we dismissed the appeal without prejudice to allow plaintiffs to obtain a copy of the

---

[3] Judge Dominguez's oral decision states plaintiffs did not provide reviewable discovery until March 17. It appears that he misspoke as plaintiffs' appendix indicates they provided their responses on March 15 and he was referencing his March 17 order.

A-4761-17T2

judge's oral decision and to determine whether they wanted to refile their appeal to challenge the March 17, 2017 order.[4]

After reviewing the judge's oral decision, plaintiffs filed this appeal.

## II

Initially, we must point out that plaintiffs' brief is non-compliant with various court rules. First, plaintiffs raise several issues without the support of facts or evidence provided in the appendix. R. 2:6-2(a)(5); See Cherry Hill Dodge, Inc. v. Chrysler Credit Corp., 194 N.J. Super. 282, 283 (App. Div. 1984). Second, they fail, in certain sections, to include in parenthesis the part of the record that supports their arguments. R. 2:6-2(a)(6). They also fail to provide a full copy of the March 17, 2017 order they are appealing. R. 2:6-1(a)(1)(A). Normally, these deficiencies would not allow us to conduct a meaningful appellate review of the order denying reconsideration. See R. 2:6-9; R. 2:8-2; R. 2:9-9. However, because many of the deficiencies are remedied by defendant's appendix, and for the sake of completeness, we will consider plaintiffs' arguments.

---

[4] There was no notation on the order that the reasons for denying reconsideration of the dismissal with prejudice was set forth on the record. Plaintiff's counsel represented that he was told by someone in the judge's chambers that there was no written or oral decision setting forth the reasons for the judge's decision.

We turn to the principles that guide our analysis. Under Rule 4:23-5, a dismissal of a complaint for failure to produce follows a two-step process. St. James AME Dev. Corp. v. City of Jersey City, 403 N.J. Super. 480, 484 (App. Div. 2008). First, the aggrieved party may move for dismissal without prejudice for non-compliance with discovery obligations. R. 4:23-5(a)(1). If the motion is granted, specific procedures for serving the order of dismissal must be followed. Ibid. Upon providing full and responsive discovery, the delinquent party may move to vacate the dismissal without prejudice "at any time before the entry of an order of dismissal . . . with prejudice." Ibid. Second, if a delinquent party fails to cure its discovery delinquency, then "the party entitled to discovery may, after the expiration of 60 days from the date of the order, move on notice for an order of dismissal . . . with prejudice." R. 4:23-5(a)(2). The court shall grant the motion "unless a motion to vacate the previously entered order of dismissal . . . without prejudice has been filed by the delinquent party and either the demanded and fully responsive discovery has been provided or exceptional circumstances are demonstrated." Ibid.

The main objective of Rule 4:23-5(a), after all, is to compel discovery, not to dismiss the case with prejudice. Adedoyin v. Arc of Morris County Chapter Inc., 325 N.J. Super. 173, 180 (App. Div. 1999). "[I]ncomplete answers [to

7

interrogatories cannot] be automatically considered as a failure to answer under [Rule] 4:23-5." Ibid. "Thus, in cases where interrogatory answers are received before the return date of the motion to dismiss without prejudice, the party entitled to the answers cannot control the future course of the proceeding simply by asserting that the answers are not fully responsive." Ibid. That said, "Rule 4:23-2(b) authorizes the imposition of sanctions for failing to comply with a court order." Abtrax Pharm., Inc. v. Elkins-Sinn, Inc., 139 N.J. 499, 513 (1995).

Our standard of review of a trial judge's application of our discovery rules is limited. "A trial [judge] has inherent discretionary power to impose sanctions for failure to make discovery, subject only to the requirement that [the decision] be just and reasonable in the circumstances." Calabrese v. Trenton State College, 162 N.J. Super. 145, 151-52 (App. Div. 1978). It is well-established that suppressing pleadings for failure to comply with discovery orders is the "last and least favorable option" available to a trial judge, Il Grande v. DiBenedetto, 366 N.J. Super. 597, 624 (App. Div. 2004), but "a party invites this extreme sanction by deliberately pursuing a course that thwarts persistent efforts to obtain the necessary facts." Abtrax Pharm., 139 N.J. at 517. Thus, Rule 4:23-2(b) authorizes the imposition of sanctions for failing to comply with a court order. Id. at 514-15.

Hence, "[t]he decision to deny a motion to reinstate a complaint dismissed for failure to provide discovery lies within the discretion of the motion judge." A&M Farm & Garden Ctr. v. Am. Sprinkler Mech., L.L.C., 423 N.J. Super. 528, 534 (App. Div. 2012) (citations omitted). We should "decline[ ] to interfere with [such] matters of discretion unless it appears that an injustice has been done." Sullivan v. Coverings & Installation, Inc., 403 N.J. Super. 86, 93 (2008) (alterations in original). An abuse of discretion "arises when a decision is 'made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" Flagg v. Essex Cty. Prosecutor, 171 N.J. 561, 571 (2002) (quoting Achacoso-Sanchez v. Immigration and Naturalization Serv., 779 F.2d 1260, 1265 (7th Cir. 1985)).

Based upon our review of the record, Judge Dominguez complied with the two-step process under Rule 4:23-5 and did not abuse his discretion in dismissing plaintiffs' complaint with prejudice or refusing to reconsider the decision. See Cummings v. Bahr, 295 N.J. Super. 374, 384-85 (App. Div. 1996) (stating when reconsideration is appropriate). We find no support in the record for plaintiffs' contention that the judge erred in dismissing its complaint with prejudice because they provided fully responsive answers to discovery on

September 26, 2016 – prior to the motion to dismiss with prejudice – and the trial court relied on materially erroneous facts.

We likewise see no basis in the record that confirms plaintiffs' assertion that they actively participated in the discovery process and that their responses viewed as a whole, rather than question by question, were complete. Instead, we agree with defendants that the record shows that plaintiffs did not provide discovery responses dated September 26, 2016, when they opposed defendant's motion to dismiss without prejudice. The October 19, 2016 order by Judge Shusted granting defendant's motion specifically stated it was entered for "failing to serve responses to [d]efendant's [f]irst [r]equest for [d]ocuments . . . ." The record fails to show any certification, proof of mailing, or other evidence from plaintiffs indicating the discovery responses were provided to defendant or the judge by the motion's return date of October 19.

Furthermore, plaintiffs did not argue in their reconsideration motion that the judge failed to consider the September 26, 2016 discovery responses, and did not include them in the motion. Because the judge did not have the opportunity to review those documents, we should not consider them. See State v. Robinson, 200 N.J. 1, 20 (2009) (quoting Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973) ("[A]ppellate courts will decline to consider questions or

issues not properly presented to the trial court when an opportunity for such a presentation is available unless the questions so raised on appeal go to the jurisdiction of the trial court or concern matters of great public interest.").

Nevertheless, our review of those discovery responses leads us to conclude they were insufficient. Accepting that plaintiffs had served the September 26, 2016 discovery responses prior to the entry of the order granting defendant's motion to dismiss without prejudice, their response to interrogatory question eleven – requesting the monthly profit of their business ventures from January 2000 to present – was answered: "[p]laintiffs' discovery is ongoing[,] but this information will likely be provided before the end of the discovery period." And in plaintiffs' March 15, 2017 discovery responses – made before the motion to dismiss with prejudice was decided,[5] after the discovery period ended and six years after the cause of action arose – they still claimed "discovery is ongoing and will be updated as more information becomes available." Their responses also claimed to include tax documents showing that their gross monthly business income was "approximately twelve to fifteen thousand dollars per month" and that their approximate monthly expenses before the alleged

---

[5] Plaintiffs provided a set of discovery responses that are uncertified and dated April 7, 2017, and updated "from March 15, 2017." There is no indication as to what was updated since the March 15, 2017 responses.

A-4761-17T2

taking were "$3,500 to $5,000 per month." Yet, plaintiffs' appendix did not include any of their tax records to substantiate their damages, and oddly included a few pages of tax returns for persons who are not parties to the suit. Considering this action is for a taking of property, the unsupplied discovery went to the "very foundation" of plaintiffs' lawsuit. Abtrax Pharm., 139 N.J. at 517 (citation omitted). Thus, it was clear, as the judge pointed out, that the interrogatory responses were insufficient.

In sum, Judge Dominguez did not abuse his discretion in dismissing plaintiffs' complaint with prejudice, as he fully explained in his oral decision that they did not substantially comply with discovery despite being given every reasonable opportunity to do so in accordance with our discovery rules.

To the extent that we have not specifically addressed any of plaintiff's arguments, we find them without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4761-17T2